IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY,

Plaintiff,

v.

PEST DOCTOR SYSTEMS, INC., d/b/a A-1 ABLE PEST DOCTORS,

Defendant.

Case No. 3:14-cv-143

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), WHICH THE COURT CONSTRUES AS A MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c) (DOC. #15); DISMISSAL IS WITHOUT PREJUDICE TO PLAINTIFF'S SEEKING LEAVE, WITHIN 10 DAYS, TO FILE AN AMENDED COMPLAINT, SUBJECT TO THE STRICTURES OF FED. R. CIV. P. 11

---

Plaintiff Metropolitan Property and Casualty Insurance Company ("Metropolitan"), as subrogee of its insured, Norman Hendricks ("Hendricks"), filed suit against Pest Doctor Systems, Inc., d/b/a A-1 Able Pest Doctors ("Pest Doctors"). Plaintiff alleges that, during the course of performing certain pest control services, Defendant's employees were negligent, starting a fire that caused substantial damage to Hendricks' home. The Court's jurisdiction is based on 28 U.S.C. § 1332.

This matter is currently before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #15. Having fully considered the record, including the pleadings, the parties' briefs, and applicable authority, the Court SUSTAINS that motion, which the Court construes as a motion for judgment on the pleadings, and DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE to Plaintiff's seeking leave, within 10 days, to file an amended complaint subject to the strictures of Federal Rule of Civil Procedure 11.

## I. Background and Procedural History

On or about February 1, 2013, Hendricks entered into a written contract with Pest Doctors to perform bed bug treatment at his home in Dayton, Ohio. As part of the treatment process, Pest Doctors installed several large heating units to raise the temperature inside the home. The Complaint alleges that Pest Doctors "negligently caused the activation of an electric range in the kitchen," igniting a fire which spread throughout the home, causing substantial property damage. Doc. #1, PageID#3. Hendricks submitted a claim for $96,368.62 to Metropolitan, which had issued his homeowners insurance policy. After paying the claim, Metropolitan filed suit against Pest Doctors, asserting its subrogation rights, and alleging one claim of negligence.

Pest Doctors filed an Answer on November 13, 2013, Doc. #9, and an Amended Answer on February 14, 2014, Doc. #14. Along with the Amended

Answer, Pest Doctors filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. #15. Although this case was originally filed in Cincinnati, it was later determined that Dayton was the proper venue, and the case was transferred to the undersigned judge.

## II. Procedural Issues

### A. Timeliness of Motion to Dismiss

Plaintiff correctly points out that, because Defendant had already filed an Answer in this case and the pleadings were closed, the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), is untimely. Defendant should have instead filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). In the interest of justice, the Court will construe the motion to dismiss as a motion for judgment on the pleadings, and proceed to render a decision.

### B. Standard of Review

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is

and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679.

**C. Conversion to Motion for Summary Judgment Not Required**

Citing Federal Rule of Civil Procedure 12(d), Plaintiff argues that because Defendant attached a copy of the service contract between Hendricks and Pest Doctors to the Amended Answer, which was filed at the same time as the motion to dismiss, the Court should treat the motion to dismiss as a motion for summary judgment, and permit Plaintiff to present additional material. Rule 12(d) states that, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Given that the contract was attached to the Amended Answer rather than to the motion, and given that the motion itself does not explicitly rely on the terms of the contract as a basis for dismissal, the Court questions the applicability of Rule 12(d). In any event, the Court need not convert a motion for judgment on the pleadings into a motion for summary judgment when the attached materials are referenced in the pleadings and central to the claims. *See Nixon v. Wilmington*

*Trust Co.*, 543 F.3d 354, 357 n.2 (6th Cir. 2008); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

Here, the Complaint alleges that Hendricks "retained" Pest Doctors to perform pest control services, and the Amended Answer alleges that Hendricks entered into a contract with Pest Doctors to perform bed bug treatment at his home. That contract is central to Plaintiff's claim. Accordingly, the submission of the contract does not require conversion of the motion to one for summary judgment.

## III. Analysis

In diversity cases, federal courts must apply the substantive law of the forum state. *See Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). It is undisputed that Ohio law applies to Plaintiff's negligence claim. To prevail in a negligence action under Ohio law, a plaintiff must establish "the existence of a duty, a breach of the duty, and an injury proximately resulting therefrom." *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271, 274 (Ohio 1998).

Defendant argues that Plaintiff's Complaint must be dismissed because: (1) the allegations are insufficient to state a plausible claim of negligence; (2) any damages are related to an express contract, and Ohio law does not permit a plaintiff to transform a contract claim into a tort claim; and (3) Plaintiff's negligence claim is barred by the economic loss rule.

The Court concludes that Plaintiff's negligence claim is not necessarily barred by the existence of the contract for pest control services or by the economic loss rule. Nevertheless, the Court agrees that the allegations contained in the current Complaint are insufficient to state a claim of negligence.

**A. Tort v. Contract**

The relationship between Hendricks and Pest Doctors is clearly contractual. But for the existence of the contract for pest control services, Pest Doctors would not have been present in Hendricks' home, and the fire would not have occurred. Defendant argues that because Plaintiff's damages are related to that contract, Plaintiff's negligence claim is barred as a matter of law. This is not necessarily true. It depends on the source of the duty allegedly breached.

Under Ohio law, "the existence of a contract claim generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Continental Casualty Co.*, 647 F.2d 705, 710 (6th Cir. 1986) (interpreting Ohio law). "Tort law is not designed . . . to compensate parties for losses suffered as a result of breach of duties assumed only by agreement." *Floor Craft Floor Covering, Inc. v. Parma Comm. Gen. Hosp. Assoc.*, 54 Ohio St.3d 1, 7, 560 N.E.2d 206, 211 (Ohio 1990) (quotation omitted). "[A] tort exists only if a party breaches a duty which he owes to another independently of the contract, that is, a duty which would exist even if no contract existed." *Wolfe*, 647 F.2d at 710 (citing *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976)).

In its response brief, Plaintiff argues that these legal concepts do not bar its negligence claim, because the duty at issue in this case does not arise from the contract. Rather, it is a common law duty of due care that exists independent of the contract -- a duty to exercise "a degree of care which an ordinarily reasonable and prudent person exercises . . . under the same or similar circumstances." *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265, 270 (Ohio 1989).

Unfortunately, as explained in greater detail below, Plaintiff's Complaint, as currently pled, fails to allege that Pest Doctors owed any duty of care *at all* to Hendricks, let alone identify the source of that duty. It simply states that the fire started because Pest Doctors failed to conduct its pest control services "in a safe and reasonable fashion." Doc. #1, PageID#3. Plaintiff points to no contractual provision that required Pest Doctors to perform its services "in a safe and reasonable fashion."[1] Pest Doctors may, however, have a common law duty to do so.

---

[1] Pest Doctors argues for the first time in its reply brief that because the contract specifically contemplates the circumstances underlying Plaintiff's claim, the negligence claim is precluded. In a paragraph entitled "Limits of Liability," the contract provides that, "although [Pest Doctors] will exercise reasonable care in performing services" under the contract, it will not be liable for property damages resulting from anything other than gross negligence. Doc. #14-2, ¶F, PageID#61.

The Court will not address arguments raised for the first time in a reply brief since Plaintiff has not had the opportunity to respond. *See Ross v. Choice Hotels Int'l, Inc.*, 882 F. Supp.2d 951, 958 (S.D. Ohio 2012). The Court notes, however, that the legal question of whether a duty of care exists independent of any contractual obligation is distinct from the question of under what conditions Pest Doctors may be held liable for property damage.

Under Ohio law, the negligent performance of a contractual undertaking may, in some cases, constitute an actionable tort. As the court explained in *Hubbell v. Xenia*, 175 Ohio App.3d 99, 885 N.E.2d 290 (Ohio Ct. App. 2008),

> a common-law duty to perform with care, skill, reasonable expedience, and faithfulness is incidental to every contract, and the negligent failure to observe those conditions may constitute a tort. For a breach of that duty, a person injured as a proximate result has a right of action based on the contractor's failure to exercise due care in the performance of his assumed obligation.

*Id.* at 105, 885 N.E.2d at 295 (internal citation omitted).

Accordingly, the fact that Plaintiff's negligence claim grew out of Hendricks' contractual relationship with Pest Doctors is not dispositive. Because Pest Doctors may have owed Hendricks a duty of care independent of the contract, Plaintiff's negligence claim is not necessarily barred.

The Court notes that the damages sought by Plaintiff clearly sound in tort, not in contract. Plaintiff is not seeking to recover the value of the pest control services contract, *i.e.*, the loss of the bargain. Rather, Plaintiff seeks to recoup $96,368.62 for property damage allegedly caused by Defendant's negligence.

**B. Economic Loss Rule**

Defendant also argues that Plaintiff's negligence claim is barred by Ohio's economic loss rule, whereby a plaintiff who has suffered purely economic loss due to another's negligence is generally barred from proceeding in tort. *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 414, 835 N.E.2d 701, 704 (Ohio 2005). Indirect economic damages may be recovered in a negligence

action only if they arose from tangible physical injury to persons or property. *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 73 Ohio St.3d 609, 653 N.E.2d 661 (Ohio 1995). Because the Complaint clearly alleges that Hendricks suffered tangible physical harm to his property as a result of the fire, the economic loss rule is inapplicable.

**C. Sufficiency of Allegations**

To establish a prima facie case of negligence under Ohio law, a plaintiff must allege "the existence of a duty, a breach of that duty, and that the breach of that duty proximately caused the plaintiff's injury." *City of Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 421, 768 N.E.2d 1136, 1144 (Ohio 2002).

Unfortunately, Plaintiff's Complaint, as currently drafted, does not identify what duty, if any, Pest Doctors owed to Hendricks. Nor does it allege that Pest Doctors breached any duty. These are essential elements of the negligence claim. Plaintiff simply alleges that the fire "originated as a direct and proximate result of the negligence of the Defendant to conduct its pest control services in a safe and reasonable fashion," resulting in damages. Doc. #1, at ¶¶12-13, PageID##3-4. [2] Although Pest Doctors may have owed Hendricks a common law duty to use

---

[2] In its Response to Motion to Dismiss, Plaintiff explains that the negligence claim is based on the doctrine of *res ipsa loquitor* because, at the time of the fire, the house was under Defendant's exclusive control. Doc. #20, PageID##97-98. The Court agrees with Defendant that Plaintiff cannot amend its Complaint in a response brief. Nevertheless, *res ipsa loquitor* is merely an evidentiary rule permitting the jury to draw an inference of negligence. It need not be specifically pleaded in order to be invoked. *Jennings Buick, Inc. v. City of Cincinnati*, 63 Ohio St.2d 167, 169, 406 N.E.2d 1385, 1387 (Ohio 1980).

reasonable care in carrying out its contractual obligations, and may have breached that duty, Plaintiff has failed to allege that any such duty exists. As such, Plaintiff has failed to state a prima facie claim of negligence under Ohio law, and dismissal is warranted on this basis.

## IV. Request for Leave to File Amended Complaint

In its response brief, Plaintiff asks that, if the Court finds that Defendant's motion to dismiss was timely filed, Plaintiff be given seven days in which to amend its Complaint. Doc. #20, PageID#96. However, a party seeking leave to file an amended complaint must file a separate motion, stating with particularity the grounds for the motion. *See* Fed. R. Civ. P. 7(b)(1)(B). A copy of the proposed amended complaint should be attached to that motion. Accordingly, although the Court sustains Defendant's motion, Plaintiff shall have ten (10) days from the date of this Decision and Entry to seek leave to file an Amended Complaint.

## V. Conclusion

For the reasons set forth above, the Court SUSTAINS Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), Doc. #15, which the Court has construed as a Motion for Judgment on the Pleadings. The Court DISMISSES Plaintiff's Complaint WITHOUT PREJUDICE to Plaintiff's seeking leave, within 10 days, to file an Amended Complaint, subject to the strictures of Federal Rule of Civil Procedure 11.

Date: June 23, 2014

WALTER H. RICE
UNITED STATES DISTRICT JUDGE