13-14669 01/30/15 ZFM:cjm<br>
Attorneys for Plaintiff<br>
Metropolitan Prop. and Cas. Ins. Co.

## UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, | CASE NO. 3:14-cv-143 |
| | Judge Walter H. Rice |
| Plaintiff, | |
| v. | |
| PEST DOCTOR SYSTEMS, INC., | |
| Defendant. | |

### CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Whereas Plaintiff, Metropolitan Property and Casualty Insurance Company a/s/o Norman Hendricks ("MetLife") and Defendant, Pest Doctor Systems, Inc. d/b/a A-1 Able Pest Doctors ("Pest Doctor") are presently involved in litigation pending in United States District Court, Southern District of Ohio, Dayton Division, bearing Case Number Case No. 3:14-cv-143 ("the litigation");

Whereas, Pest Doctor has requested production MetLife's Subrogation Protocols and Guidelines. MetLife maintains that its Subrogation Protocols and Guidelines are proprietary business records and contain information MetLife deems as confidential ("the Confidential Information"); and,

Whereas it is anticipated that the parties may seek to use some or all of the Confidential Information in the litigation currently pending before the District Court by way of exhibit or other use permitted by the Federal Rules of Civil Procedure.

EXHIBIT

**NOW THEREFORE IT IS AGREED AS FOLLOWS:**

The documentation produced as MetLife's Subrogation Protocols and Guidelines will be treated as Confidential Information and shall remain confidential and shall be used only for the purpose of preparing and conducting this litigation and shall not be disclosed to anyone other than:

a. counsel of record, their employees and representatives, who agree to be bound by this agreement;

b. court and court personnel considering the litigation;

c. experts and advisors retained for the purpose of this action, provided however that such expert or advisor must review and sign this agreement before the confidential information is disseminated to the expert or advisor;

d. the parties, their employees, representatives and/or agents. The parties agree that signature of the parties' counsel to this agreement shall suffice as agreement by the parties to abide by and be bound by this agreement. Signature to this agreement by counsel shall occur before the parties are given an opportunity to review or have access of the confidential information;

e. all persons the parties mutually agree may have access to the "CONFIDENTIAL" information, provided said person(s) sign this agreement before the documentation or information is disseminated; and,

f. all persons whom the parties are directed to produce the "CONFIDENTIAL" documents by the Court.

Where any document or information designated as "CONFIDENTIAL" is included in any Court filing, such filing shall be marked "CONFIDENTIAL" and placed in a sealed envelope, marked with the case caption, filed and held under seal.

Any person who reviews the information or material designated as "CONFIDENTIAL" shall not disseminate or divulge the material to anyone other than those persons covered by this order and set forth in a-f above. It is agreed the material disclosed by the parties shall be kept in a secure and protected place. No copies of the "CONFIDENTIAL"

information or material are to be made other than by counsel of record or persons designated in a-f above and then only in connection with this litigation.

Notwithstanding anything to the contrary each party and its own agents, representatives and employees are free to exhibit their own material or information that is designated as "CONFIDENTIAL" to any person or entity not subject to the protective order set forth in this Agreement and Order and such exhibition in and of itself shall not result in a waiver of the claim of confidentiality.

The provisions of this Agreement and Order shall survive the conclusion of this litigation and shall continue in full force and effect.

This Court shall retain jurisdiction over the parties and any other persons bound by this Agreement to enforce the Agreement and Order.

IT IS HEREBY STIPULATED AND AGREED.

| /s/ Thomas J. Connick | /s/ Zachary F. McCune |
|---|---|
| Thomas J. Connick, Esq. (0070527) | Lindsay A. Rump, Esq. (0076576) |
| CONNICK LAW, LLC | Zachary F. McCune, Esq. (0086559) |
| 25201 Chagrin Blvd - Suite 375 | Brian P. Henry, Esq. (*Pro Hac Vice*) |
| Beachwood, Ohio 44122 | SMITH, ROLFES & SKAVDAHL COMPANY, LPA |
| tconnick@connicklawllc.com | 600 Vine Street, Suite 2600 |
| Main: 216-364-0512 | Cincinnati, Ohio 45202 |
| Direct: 216-364-0502 | zmccune@smithrolfes.com |
| Cell: 440-724-6895 | (513)579-0080 - telephone |
| Fax: 216-609-3446 | (513)579-0222 - fax |
| *Attorney for Defendant,* | *Attorneys for Plaintiff,* |
| *Pest Doctor Systems, Inc.* | *Metropolitan Property and Casualty Ins. Co.* |

IT IS SO ORDERED.

_____
JUDGE WALTER H. RICE